IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LAMILL HOLDING COMPANY, AND AGA CAPITAL, LLC,<br><br>                    Plaintiffs,<br>vs.<br><br>BITMAIN TECHNOLOGY GEORGIA LIMITED<br><br>                    Defendant. | Civil Action No. _____<br><br><br>**Notice of Removal** |

Defendant Bitmain Technologies Georgia Limited[1] ("Bitmain") removes this action from the Fourth Judicial Circuit Court of Common Pleas in Marlboro County, South Carolina, to the United States District Court for the District of South Carolina, Florence Division under 28 U.S.C. §§ 1332, 1441, and 1446.[2] Removal is appropriate because the amount in controversy exceeds the sum or value of $75,000 and the parties are citizens of different states. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. In support of the removal, Bitmain states as follows:

### Introduction

Plaintiffs Lamill Holding Company ("Lamill") and AGA Capital, LLC ("AGA") (together, Lamill and AGA are referred to throughout as "Plaintiffs") filed a Summons and Complaint on July 25, 2024, in civil action number 2024-CP-34-00249 with the Fourth Judicial Circuit Court of

---

[1] Plaintiffs improperly named the defendant as Bitmain Technology Georgia Limited in this matter. The proper defendant is Bitmain *Technologies* Georgia Limited.
[2] This division is the proper division for removal because the state court action was filed in Marlboro County, South Carolina. 28 U.S.C. § 1446(a).

1

Common Pleas (the "State Court Action"). True and correct copies of the Complaint and all process, pleadings, and other materials filed by Plaintiffs as **Exhibit 1**.

This action was filed after Bitmain commenced arbitration proceedings before the American Arbitration Association. *See* Demand for Arbitration attached hereto as **Exhibit 2**. In relevant part, Bitmain's allegations against Bennettech LLC, its members, Lamill and AGA, and a wholly owned subsidiary, Sparc Foundry, LLC[3] arise out of a breach of a Service Framework Agreement dated August 5, 2023 (the "SFA"). *Id.*; (Compl. ¶ 6; Ex. A[4]). Bitmain's Demand for Arbitration seeks over $5 million and over 350 bitcoin in damages from Bennettech LLC, Lamill, AGA, and Sparc Foundry, LLC. *See* **Exhibit 2**.

### Grounds for Removal

**I.     Bitmain has satisfied the procedural requirements for removal.**

**A.     Bitmain timely filed this Notice of Removal under § 1446(b).**

Bitmain filed this Notice of Removal within thirty days of receipt of the initial pleadings because it has not yet been served with the Summons and Complaint. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

**B.     Bitmain has complied with the notice and filing requirements of § 1446(a) and (d).**

In accordance with 28 U.S.C. § 1446(a), Bitmain has attached true and correct copies of the Complaint and all process, pleadings, and other materials filed by Plaintiffs as **Exhibit 1**. Additionally, Bitmain will provide written notice of this removal to Plaintiffs and the state court

---

[3] Sparc Foundry has been removed as a party from the arbitration as a result of its Notice of Bankruptcy dated June 12, 2024.
[4] Exhibit A referenced in the Complaint is attached to the Affidavit of Richard Gleissner.

under 28 U.S.C. § 1446(d).  Thus, Bitmain has timely complied with the procedural requirements for removal.

**II.     The Court has diversity jurisdiction over Plaintiff's claims.**

This action is within the original jurisdiction of the United States District Court for the District of South Carolina based on diversity of citizenship under 28 U.S.C. § 1332(a)(1).  This section provides district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

**A.     The parties are completely diverse.**

Removal under 28 U.S.C. §§ 1332, 1441, and 1446 is appropriate because the parties are completely diverse.  The Complaint alleges that Lamill is a corporation organized and existing pursuant to the laws of the state of Delaware and AGA is a limited liability company organized and existing pursuant to the laws of Delaware with members who reside in California. Bitmain is a citizen of Georgia.

**1.     Plaintiffs are Delaware and California citizens for diversity purposes.**

Lamill is a Delaware corporation and is therefore a citizen of Delaware.  *See* 28 U.S.C. § 1332 (c)(1); (Compl. ¶ 1).  AGA is a Delaware limited liability company.  "For diversity purposes, the citizenship of limited liability companies is determined by the citizenship of its members." *Cent W. Va. Energy Co. v. Mountain State Carbon*, 636 F.3d 101, 103 (4th Cir. 2011).  Upon information and belief, AGA's individual members are Lixiong Hao and Jingrui Yu; both are residents of the State of California.

Bitmain is a Georgia corporation with its principal place of business in Roswell, Georgia and is therefore a citizen of Georgia.  *See* Compl. ¶ 3, ¶ 6, and Exhibit A attached thereto.

### C. The amount in controversy exceeds $75,000.

The amount in controversy in an action for declaratory or injunctive relief such as this is measured "by the value of the object of the litigation." *Francis v. Allstate Ins. Co.*, 709 F. 3d 362, 367(4th Cir. 2013) (internal citations omitted). "The value of such relief is determined by reference to the larger of two figures: either the worth of the relief to the plaintiff or its cost to the defendant." *Boone v. Quicken Loans, Inc.*, No. 5:15-CV-04772-JMC, 2016 WL 3597598, at *3 (D.S.C. July 5, 2016) (citing *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010)); *see also Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (discussing "the value of the object of the litigation."). Although Bitmain disputes Plaintiffs' entitlement to any relief, the amount in controversy requirement has been met because the amount in controversy in the underlying arbitration, which Plaintiffs incorporated into the Complaint, is over $5,000,000.00. "[T]he amount in controversy in a motion to compel arbitration is the amount of the potential award in the underlying arbitration proceeding." *Webb v. Investacorp, Inc.,* 89 F.3d 252, 257 (5th Cir. 1996).[5] Here, the amount in controversy is "the difference between winning and losing the underlying arbitration." *Id.* at 256-57 & n.1 (citing *Stonewall v. Lopez*, 544 F.2d 198 (5th Cir. 1976) and *Leninger v. Leninger,* 705 F.2d 727 (5th Cir. 1983)).

The Court may determine the amount in controversy based upon the allegations of the complaint and other relevant material in the record. *Stewart v. AT & T Mobility LLC*, No. 3:10-3083-CMC, 2011 WL 3626654, at *2 (D.S.C. July 21, 2011) (explaining that for a diversity jurisdiction analysis, the court may consider "the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record"). Plaintiffs expressly reference and incorporate the underlying arbitration Demand and the SFA in the

---

[5] Bitmain is unaware of any Fourth Circuit decision on this issue.

Complaint. *See* Compl. ¶ 12 ("[Bitmain] instituted an arbitration proceeding with the American Arbitration Association by way of filing a demand on June 3, 2024"); *See also* Compl. ¶6 . Here, the amount in controversy requirement has been met where Bitmain's Demand for Arbitration seeks over $5.6 million and over 350 bitcoin in damages.  *See* **Exhibit 2.**

The Court's determination as to the amount in controversy must also include consideration of any requests for punitive damages and/or attorneys' fees made by the Plaintiff.  *See Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-CV-01739-JMC, 2011 WL 494395, at *3 (D.S.C. Feb. 4, 2011); Plaintiffs also seek attorneys' fees and costs, which must also be considered in determining the amount in controversy.  (Compl. ¶ 50.)  *See Id.*, at *3 (holding that court must consider request for punitive damages and attorneys' fees in calculating the amount in controversy).

### III.  Request for briefing and oral argument.

If any question arises as to the propriety of the removal of this matter, Bitmain requests the opportunity to present briefs, oral argument, and if necessary, affidavits and other evidence in support of its position that removal is proper. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008).

### Conclusion

For the reasons set forth above, Bitmain requests that this matter be removed from the Court of Common Pleas for the Fourth Judicial Circuit in Marlboro County, South Carolina to the United States District Court for the District of South Carolina, Florence Division under 28 U.S.C. §§ 1332, 1441, and 1446.

(Signature Page to Follow)

                      NELSON MULLINS RILEY & SCARBOROUGH LLP

                      By: */s/Paul T. Collins*
                          Paul Collins
                          Federal Bar No. 9055
                          Paul.collins@nelsonmullins.com
                          1320 Main Street / 17th Floor
                          Columbia, SC 29201
                          (803) 255-9747

                      *Attorney for Defendant Bitmain Technology Georgia Limited*

Columbia, South Carolina
August 2, 2024