UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Civil Action No.: 4:24-cv-04267-JD

| | |
|---|---|
| Lamill Holding Company, and AGA Capital, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Bitmain Technology Georgia Limited, | ) ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSES TO**
**LOCAL CIVIL RULE 26.01 (DSC) INTERROGATORIES**

The Plaintiffs, Lamill Holding Company and AGA Capital, LLC respond to the Local Civil Rule 26.01 (DSC) Interrogatories, as follows, reserving the right to supplement these responses should it become aware of additional facts or information during discovery or its ongoing investigation of this matter:

1.    **State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.**

      **RESPONSE:**

      Neither Plaintiff is aware of any person(s) and/or legal entities that may have a subrogation interest in Plaintiffs' claims.  If the Plaintiffs become aware of any person(s) and/or legal entities, they will supplement this response.

2.    **As to each claim, state whether it should be tried jury or nonjury and why.**

**RESPONSE:**

All the initial claims should be tried without a jury because the claims are for declaratory judgment and, thus, not triable by jury. However, the Counterclaims of the Defendant against the Plaintiffs seeking to pierce the corporate veil, alleging the Plaintiffs are alter egos of other entities, for breach of contract, for indemnity, and for negligence should be tried by a jury.

3. **State whether the party submitting these responses is a publicly owned company and separately identify (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.**

   **RESPONSE:**

   Neither of the Plaintiffs are publicly owned companies nor are they the parent of any publicly owned company. Neither of the Plaintiffs have any subsidiaries that are not wholly owned by it or issued shares to the public. Neither of the Plaintiffs own ten (10%) percent of any publicly owned company.

4. **State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). See Local Civ. Rule 3.01 (D.S.C.).**

   **RESPONSE:**

   This case was removed to the Florence Division because the original State Court action was filed in the South Carolina Court of Common Pleas for Marlboro County.

5. **Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the clerk of court based on a 25 determination of whether the cases arise from the same or identical transactions, happenings, or events;**

**involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.**

**RESPONSE:**

The Plaintiff is not aware of any related action(s) filed in United States District Court for the District of South Carolina.

6.    **[Defendants only.] If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.**

**RESPONSE:**

N/A

7.    **[Defendants only.] If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.**

**RESPONSE:**

N/A

8.    **Parties or Intervenors in a Diversity Case. In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a)**

**RESPONSE:**

The Plaintiff, Lamill Holding Company is a corporation incorporated in the State of Delaware. Its principal place of business is in the State of Georgia under 28 U.S.C. § 1332(c). The Plaintiff, AGA Capital, LLC is a limited liability company organized and existing pursuant to the laws of the State of Delaware. The members

of AGA Capital, LLC are Lixiong Hao and Jingrui Yu. Both Members are residents of the State of California.

**ROBERT E. LEE, LLC**

S/Robert E. Lee

_____

Robert E. Lee – FID #5509
Post Office Box 1096
Marion, South Carolina 29571
Telephone:   843-423-1313
E-Mail:       rel@rellawfirm.com

And,

**WRIGHT, WORLEY, POPE, EKSTER & MOSS, PLLC**
Kenneth R. Moss, FID#10754
628A Sea Mountain Highway
North Myrtle Beach, South Carolina 29582
Telephone:   843-281-9901
E-Mail:       KennethMoss@wwpemlaw.com

**ATTORNEYS FOR THE PLAINTIFFS**

August 23, 2024
Marion, South Carolina