IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LAMILL HOLDING COMPANY, AND AGA CAPITAL, LLC, <br><br> Plaintiffs/Counter Defendants, <br><br> vs. <br><br> BITMAIN TECHNOLOGY GEORGIA LIMITED <br><br> Defendant/Counter Plaintiff. | Civil Action No. 4:24-cv-04267-JD <br><br><br> **JOINT RULE 26(f) REPORT, DISCOVERY PLAN AND RULE 26.03 DISCLOSURES** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26.03, Plaintiffs Lamill

Holding Company and AGA Capital, LLC ("Plaintiffs") and Defendant Bitmain Technologies

hereby report as follows:

☐ We agree that the schedule set forth in the Conference and Scheduling Order filed **August 21, 2024** is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

☒ We agree that the schedule set forth in the Conference and Scheduling Order filed **August 21, 2024** requires modification as set forth in the proposed Consent Amended Scheduling Order which will be e-mailed to chambers as required (use format of the Court's standard scheduling order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 is below.**

☐ We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

**JOINT RULE 26(F) DISCOVERY REPORT**

**(A)    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

<u>RESPONSE:</u>  The parties have stipulated to extend the deadline to serve the Rule 26(a) disclosures by 30 days or until October 25, 2024.

**(B)    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

<u>RESPONSE:</u>  Discovery will be needed on Defendants' counterclaims, in particular, discovery regarding Plaintiffs' corporate formation and their corresponding responsibility for the actions of their alter ego, Bennettech.

**(C) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

<u>RESPONSE:</u>  There do not appear to be any special issues related to the discovery of electronically stored information at this time and the parties will work together to file a stipulation on proposed ESI protocol.  To the extent the parties have a dispute about electronically stored information that they cannot resolve among themselves, the parties will file a motion with the Court.

**(D)    Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order.**

<u>RESPONSE:</u>  The parties will work together to file a protective order governing the treatment and procedure of protected or privileged information.

**(E)    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?**

4893-7280-4068 v.1

**RESPONSE:** The parties agree to 25 interrogatories and 50 requests for production of documents.  The parties agree that depositions are limited to 7 hours.  The parties reserve the right to make revise their position on discovery limitations should the need arise as discovery proceeds.

**(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

**RESPONSE:**  The parties do not request entry of any orders under Rule 26(c) or Rule 16 at this time.

II.     **JOINT RULE 26.03 DISCLOSURES**

Pursuant to Local Civil Rule 26.03 DSC, the Parties disclose the following:

1. **A short statement of the facts of the case**

**RESPONSE:**

Bitmain filed a Demand for Arbitration against the Plaintiffs, Sparc Foundry, LLC and Bennettech LLC arising out of a breach of an August 5, 2023, Service Framework Agreement between Bitmain and Bennettech that was signed by AGA's member, Lixiong Hao.  Plaintiffs commenced this action seeking a stay of arbitration and an order declaring that Bitmain's claims against Plaintiffs are not subject to arbitration.  Bitmain filed counterclaims against Plaintiffs in this action alleging that Plaintiffs are responsible for the conduct of Bennettech based on an alter ego theory.  Specifically, Bitmain alleges that Plaintiffs created Bennettech to profit from the contractual agreement with Bitmain yet avoid all liabilities under the same.

2. **The name of fact witnesses likely to be called and a brief summary of their expected testimony.**

**PLAINTIFFS' RESPONSE:**  The Plaintiffs have not determined at this stage which witnesses it will call to trail.  However, the individuals may individuals may be witnesses:

- Defendant expects a corporate witness of the Defendant to testify regarding the matters described in the pleadings, including the negotiation, execution, breach

4893-7280-4068 v.1

and termination of the August 5, 2023, Service Framework Agreement between Bitmain and Bennettech, signed by Lixiong Hao.

- Lixiong Hao is expected to testify to the facts and circumstances described in the pleadings, including his knowledge of the corporate formations of AGA, Lamill, Sparc Foundry and Bennettech and the negotiation, execution, breach and termination of the August 5, 2023, Service Framework Agreement between Bitmain and Bennettech that he signed.

- Jingrui Yu is expected to testify to the facts and circumstances described in the pleadings, including his knowledge of the corporate formations of AGA, Lamill, Sparc Foundry and Bennettech.

- One or more representatives of Lamill is expected to testify to the facts and circumstances described in the pleadings, including their knowledge regarding Lamill's relationship to Bennettech, AGA and/or Sparc Foundry.

- Individuals involved in the negotiation, execution, and termination of the August 5, 2023, Service Framework Agreement between Bitmain and Bennettech, signed by Lixiong Hao.

- A representative of Marlboro Electric Cooperative is expected to testify as to the contract with Sparc Foundry and the payment for the electric power.

The Plaintiffs reserve the right to call additional witnesses who may be identified as discovery proceeds and to examine any witness called or identified by any other party.

**DEFENDANT'S RESPONSE:** Defendant has not determined at this stage which witnesses it will call to trial. However, the following individuals may be witnesses:

- Defendant expects a corporate witness to testify regarding the matters described in the pleadings, including the negotiation, execution, breach and termination of the August 5, 2023, Service Framework Agreement between Bitmain and Bennettech, signed by Lixiong Hao.

- Lixiong Hao is expected to testify to the facts and circumstances described in the pleadings, including his knowledge of the corporate formations of AGA, Lamill, Sparc Foundry and Bennettech and the negotiation, execution, breach and termination of the August 5, 2023, Service Framework Agreement between Bitmain and Bennettech that he signed.

- Jingrui Yu is expected to testify to the facts and circumstances described in the pleadings, including his knowledge of the corporate formations of AGA, Lamill, Sparc Foundry and Bennettech.

4

- One or more representatives of Lamill is expected to testify to the facts and circumstances described in the pleadings, including their knowledge regarding Lamill's relationship to Bennettech, AGA and/or Sparc Foundry.

- Individuals involved in the negotiation, execution, and termination of the August 5, 2023, Service Framework Agreement between Bitmain and Bennettech, signed by Lixiong Hao.

- A representative of Marlboro Electric Cooperative is expected to testify as to the contract with Sparc Foundry and the failure to pay for the electric power.

Bitmain reserves the right to call additional witnesses who may be identified as discovery proceeds and to examine any witness called or identified by any other party.

3. **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered)**

   **PLAINTIFFS' RESPONSE:**    The Plaintiffs have not yet identified expert witnesses it intends to call at trial.  I will identify any experts in accordance with the Court's scheduling order.

   **DEFENDANT'S RESPONSE:**  Bitmain has not yet identified expert witnesses it intends to call at trial. It will identify any experts in accordance with the Court's scheduling order.

4. **A summary of claims and defenses with statutory and/or case citations supporting the same.**

   **PLAINTIFFS' RESPONSE:**    The Plaintiffs have filed a motion to dismiss and will supplement this response once the Court rules on its pending motion.

   **DEFENDANT'S RESPONSE:**

   Bitmain does not waive any defenses to Plaintiffs' argument that they are not subject to arbitration.

   a. A claim for veil piercing/alter ego is determined by a two-prong test. *Sturkie v. Sifly*, 313 S.E.2d 316, 318 (S.C. Ct. App. 1984); *Hunting v. Elders*, 597 S.E.2 803, 806 (S.C. Ct. App. 2004). "The first part of the test, an eight-factor analysis, looks to

observance of the corporate formalities by the dominant shareholders." *Id*. The eight

factors are: (1) whether the corporation was grossly undercapitalized; (2) failure to

observe corporate formalities; (3) non-payment of dividends; (4) insolvency of the

debtor corporation at the time; (5) siphoning of funds of the corporation by the

dominant stockholder; (6) non-functioning of other officers or other directors; (7)

absence of corporate records; and (8) the fact that the corporation was merely a facade

for the operations of the dominant stockholder. *Dumas v. InfoSafe Corp.*, 320 S.C.

188, 463 S.E.2d 641 (Ct. App. 1995). "The conclusion to disregard the corporate entity

must involve a number of the eight factors but need not involve them all." *Id*. (citing

*Cumberland Wood Prods. v. Bennett*, 417 S.E.2d 617 (Ct. App. 1992)). Nor has any

case required that each factor be accorded equal weight with the others. *Hunting*, 597

S.E.2d at 806. The second part requires that there be an element of injustice or

fundamental unfairness if the acts of the corporation be not regarded as the acts of the

individuals." *Id*. at 806, 809. "[T]he essence of the fairness test is simply that an

individual businessman cannot be allowed to hide from the normal consequences of

carefree entrepreneuring by doing so through a corporate shell." *Id*. at 809.

b. The breach of contract claim is based on the terms and conditions of a contract as

interpreted by Georgia law related to breach of contract. The elements for a breach of

contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the

party who has the right to complain about the contract being broken. *See e.g.*,

Ajigbolamu v. Milne, 902 S.E.2d 687, 690 (Ga. Ct. App. 2024).

c. The Indemnity claim is based on the indemnification provision found within the

Service Framework Agreement and interpreted by Georgia law. Indemnity agreements

are interpreted under the rules governing contracts. *See Anderson v. U.S. Fidelity & Guar. Co.*, 600 S.E.2d 712 (2004). The main consideration in contract interpretation is the intent of the parties. *Megel v. Donaldson*, 654 S.E.2d 656 (2007). The intent of the parties is to be ascertained from the document itself when the terms are clear and unambiguous. *See Greenberg Farrow Architecture v. JMLS 1422, LLC*, 791 S.E.2d 635 (2016); s*ee also Anderson*, 600 S.E.2d 712. "Where ambiguities exist, the court may look outside the written terms of the contract and consider all the surrounding circumstances to determine the parties' intent." *Greenberg Farrow Architecture*, 791 S.E.2d 635. Moreover, "contract disputes are particularly well suited for adjudication by summary judgment because construction of contracts is ordinarily a matter of law for the court." *Megel*, 2654 S.E.2d at 656. "The words of a contract of indemnification must be construed strictly against the indemnitee, and every presumption is against an intention to indemnify." *Viad Corp v. U.S. Steel Corp.*, 808 S.E.2d 58, 62 (Ga. Ct. App. 2017).

   **d.** In a claim for negligence, a plaintiff must show (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached the duty by a negligent act or omission, (3) the defendant's breach was an actual and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered injury or damages. *See e.g., Wright v. PRG Real Estate Management, Inc.*, 826 S.E.2d 285, 290 (2019).

**5. Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.): (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures. (b) Completion of discovery.**

   **PLAINTIFFS' RESPONSE:**     The parties have submitted a Rule 26(f) report and proposed Amended Scheduling Order.

8

**DEFENDANT'S RESPONSE:**   The parties have submitted a Rule 26(f) report and proposed Amended Scheduling Order.

6. **Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

   **PLAINTIFFS' RESPONSE:**  None at this time.

   **DEFENDANT'S RESPONSE:**  None at this time.

7. **Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

   **PLAINTIFFS' RESPONSE:**  None at this time.

   **DEFENDANT'S RESPONSE:**  None at this time.

**SIGNATURES ON FOLLOWING PAGE**

4893-7280-4068 v.1

NELSON MULLINS RILEY & SCARBOROUGH LLP

*/s/ Paul Collins*
Paul Collins
Federal Bar No. 9055
1320 Main Street, 17th Floor
Columbia, SC 29201
Tel.: (803) 255-9729
paul.collins@nelsonmullins.com
soren.young@nelsonmullins.com
*Attorney for Claimant*
*Bitmain Technologies Georgia Limited*


ROBERT E. LEE, LLC
*/s/ Robert E. Lee*
Robert E. Lee – FID# 5509
Post Office Box 1096
Marion, South Carolina 29571
Tel.: 843-423-1313
Fax: 843-433-8258
rel@rellawfirm.com
*Attorney for the Plaintiffs Lamill Holding Company and*
*AGA Capital, LLC*

WRIGHT, WORLEY, POPE, EKSTER & MOSS, PLLC
*/s/ Kenneth R. Moss*
Kenneth R. Moss, FID#10754
628A Sea Mountain Highway
North Myrtle Beach, South Carolina 29582
Tel.: 843-281-9901
kennethmoss@wwpemlaw.com
*Attorney for the Plaintiffs Lamill Holding Company and*
*AGA Capital, LLC*


Dated: September 25, 2024