UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Civil Action No.: 4:24-cv-04267-JD

| | |
|---|---|
| Lamill Holding Company, and AGA Capital, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)<br>) |
| Bitmain Technology Georgia Limited, | )<br>) |
| Defendants. | ) |

# REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS

Plaintiffs and Counter-Defendants, Lamill Holding Company and AGA Capital, LLC, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby respectfully submit this Reply to the Response of Defendant and Counter-Plaintiff to Plaintiffs' Motion to Dismiss.

The Counter-Plaintiff ("Bitmain") asserts that the only applicable standard regarding the motion to dismiss is Rule 8 as incorporated into Rule 12(b)(6) without concern to the heightened standard under Rule 9(b) applicable to claims of fraud. This argument necessarily requires the court to disregard any reliance by this Court for finding sufficient allegations to support an alter ego claim on assertions of fraud in the Counter-Plaintiff's claims. Instead, the Counter-Plaintiffs ask the court to find that they have adequately alleged "fundamental unfairness." Nothing in the Counter-Plaintiff's actions allege the necessary facts required to give rise to an alter ego claim in South Carolina and must, therefore, be dismissed.

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must 'state a claim to relief that is plausible on its face.'" *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)). "Facts that are 'merely consistent with' liability do not establish a plausible claim to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "In addition, although [courts] must view the facts alleged in the light most favorable to the plaintiff, [courts] will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments.'" *Id.* (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)). In South Carolina, "a corporation will be looked upon as a legal entity until sufficient reason to the contrary appears; but when the notion of legal entity is used to protect fraud, justify wrong, or defeat public policy, the law will regard the corporation as an association of persons." *Hunting v. Elders*, 597 S.E.2d 803, 806 (S.C. Ct. App. 2004) (quoting *Sturkie v. Sifly*, 313 S.E.2d 316, 318 (S.C. Ct. App. 1984)). South Carolina uses a two-prong test. "The first prong analyzes the shareholder's relationship to the corporation by evaluating eight factors. The second prong requires the plaintiff to demonstrate that 'fundamental unfairness' would result from recognition of the corporate entity." *Id.*; see also *Multimedia Pub. of S.C. v. Mullins*, 431 S.E.2d 569, 571 (S.C. 1993) (elaborating on the two prongs). Thus, to survive the Counter-Defendants' motion, the Counter-Plaintiff must allege facts, not inferences, conclusions, or arguments, that support the plausibility that failing to pierce the corporate veil would lead to "fundamental unfairness." The claims alleged by Counter-Plaintiff fail to do so and should, therefore, be dismissed.

The Counter-Plaintiff's Response tacitly admits that the claims alleged fail to adequately present a claim based upon fraud. Instead, the Counter-Plaintiff relies upon the assertion that the claims alleged state a claim that not finding the Counter-Defendants to be alter ego of the alleged obligated company would result in "fundamental unfairness." The Response necessarily asserts that this relief is "plausible on its face" and not simply supported by "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Cozart*, 680 F.3d at 365. What is the "fundamental unfairness" alleged in the claims of Counter-Plaintiff and relied upon in the Counter-Plaintiff's Response? The Counter-Plaintiff's facts and argument are repeated here *in their entirety*:

> It would be fundamentally unfair for Bennettech's acts to not be regarded as the acts of Plaintiffs. Plaintiffs were aware of Bitmain's claim against Bennettech, as evidenced by AGA Capital's sole members' testimony that they formed Sparc for the sole purpose of entering into the contract with Marlboro Electric, and Sparc's failure to satisfy its obligations to Marlboro

> Electric caused one of Plaintiffs as alter egos of Bennettech's core breaches of the SFA. Id., p. 17-18. As discussed above, Bitmain supported this allegation by citing to the Bankruptcy Case, which contains evidence that Sparc has no revenue, no employees, and no books and records, and the testimony of AGA Capital's sole members. Id., p. 17. If the Court finds that Bennettech's acts are not to be regarded as Plaintiffs' acts, Plaintiffs will have successfully evaded the millions of dollars owed to Bitmain by its corporate shielding scheme.

Response P. 6. For additional clarity, the Counter-Plaintiff asserts that the whole of corporate law with regard to limited liability should be ignored in light of the following: The owners of an obligated company were aware that one of the subsidiaries of that company had no revenue, employees, books or records, and breached a contract with some other third party that ultimately led to the breach by the obligated company of an agreement with the Counter-Plaintiff. In essence, every shareholder of Coca-Cola should be held personally liable for a failure of a third party's vending machine to deliver one of its cokes after a dollar was jammed therein. Yes, Bitmain's argument is absurd, and the claims should be dismissed.

The Response does not point to any actions of the Counter-Defendants apart from their alleged knowledge of the existence of the subsidiary. It uses incomprehensible inferences with no supporting facts to label the creation of a subsidiary as a "scheme" and "facade." It makes the unreasonable conclusion that the Counter-Plaintiff will be owed millions of dollars. It boldly declares through what can only be described as an argument that these facts alone are "fundamentally unfair." Luckily, these types of exaggerated and ridiculous inferences, arguments, and conclusions have routinely been found to not raise a plausible claim permitting the continuation of a claim of alter ego.

The Counter-Plaintiff cites to *Hunting*, 359 S.C. 217. Therein, the court encountered facts that the owner "acted in a self-serving and unfair manner by siphoning off substantial sums of money, commingling and transferring assets which he held in his own name to different entities, transferring stock in the corporation to other individuals without a valuable consideration, and then finally dissolving the corporation." The Counter-Plaintiff has no evidence to support these types of claims, otherwise they would have alleged them.

The Court in *Sturkie*, when dealing with an identical argument concerning what constituted "fundamental unfairness" when fraud was not considered, stated that even

specific evidence of an unpaid judgment against the company would not support such a finding. At 458, 313 S.E.2d at 319. The Court discussed other decisions finding fundamental unfairness where the owner personally promised to pay the obligations and, instead, paid themselves the amount owed from the obligated company leaving it with little ability to pay the debt. Similarly, fundamental unfairness was found where the only asset of the obligated company was leveraged to move hundreds of thousands of dollars of capital to the parent company, grossly undercapitalizing the obligated company. Again, Counter-Plaintiff has no evidence to support these types of claims, otherwise they would have alleged them.

The Response cites to *Oskin v. Johnson*, 400 S.C. 390, 401, 735 S.E.2d 459, 465 (2012). The Court in *Oskin*, considering similar insinuations of impropriety based upon the mere use of corporate forms to isolate liabilities, found that parties "are free to utilize a legal mechanism to protect their own financial interests." Id. The court required, at the very least, a showing that the party was somehow <u>specifically</u> left worse off by the use of the corporate forms. Here, the Response points to no such predicament as none can be found in the allegations of the Counter-Plaintiffs action.

Similarly, the Response cites to *Cumberland Wood Prods. v. Bennett*, 308 S.C. 268, 272, 417 S.E.2d 617, 619 (Ct. App. 1992). The Court therein considered facts where the owner of the obligated company was paying himself an exorbitant salary and personal debts while the obligated company was insolvent. Not only is there no allegation that the alleged obligated company in this matter, Bennettech, is insolvent, there is no allegation that the owners, Counter-Defendants, took a single penny from the obligated company.

Finally, the Response cites to *Dumas v. InfoSafe Corp.*, 320 S.C. 188, 193, 463 S.E.2d 641, 644 (Ct. App. 1995). When considering whether there existed fundamental unfairness in light of failing to show actual fraud, the Court found that the evidence concerning the owner having acted in a self-serving manner, namely promising to pay an employee for wages once a loan came through only to later pay himself from the proceeds, could constitute such fundamental unfairness. Again, no such allegation has been raised here. The Counter-Defendants have not alleged to have made any promises to the Counter-Plaintiff, nor have they been alleged to have taken a single penny from the alleged obligated company.

## CONCLUSION

Merely naming all owners of a company and alleging that a company "was used to perpetrate fraud" is insufficient to state a claim for alter ego liability and pierce the corporate veil under South Carolina and federal law. Assuming, as the Response does, that the claims rely upon the assertion that there exists "fundamental unfairness," the Counter-Plaintiff must allege facts that plausibly give rise to a claim that the corporate structure was abused to perpetrate that an injustice on them. Without facts showing that the corporation was misused as an alter ego or that corporate formalities were disregarded, the vague claim does not satisfy the legal requirements to pierce the corporate veil. A finding in opposite renders the pleading requirements of Rule 8 meaningless. Respectfully, the Counter-Plaintiff's counterclaims should be dismissed with prejudice.

**ROBERT E. LEE, LLC**

S/Robert E. Lee

Robert E. Lee – FID #5509
Post Office Box 1096
Marion, South Carolina 29571
Telephone:   843-423-1313
E-Mail:   rel@rellawfirm.com

And,

**WRIGHT, WORLEY, POPE, EKSTER & MOSS, PLLC**
Kenneth R. Moss, FID#10754
628A Sea Mountain Highway
North Myrtle Beach, South Carolina 29582
Telephone:   843-281-9901
E-Mail:   KennethMoss@wwpemlaw.com

**ATTORNEYS FOR THE PLAINTIFFS**